IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NEW LEAF SERVICE CONTRACTS, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:23-CV-02544-N |
| GERHARD'S INC., | § § § | |
| Defendant. | § § | |

**MEMORANDUM OPINION AND ORDER**

This Order addresses Defendant Gerhard's Inc. d/b/a Gerhard's Appliances & Home Theater's ("Gerhard's") motion to dismiss [33]. Because Plaintiff New Leaf Service Contracts, LLC ("New Leaf Texas") has shown by a preponderance of the evidence that it has standing to bring its claims, the Court denies the motion.

**I. ORIGINS OF THE MOTION**

This is a contract case. New Leaf entities partner with insurance carriers to provide service-contract programs for consumer-products dealers to offer to their customers. Pl.'s Second Am. Compl. ¶ 11 [26]. In September 2012, a New Leaf entity called "New Leaf Service Contracts, LLC, with offices located at 8700 Freeport Parkway Suite 210 Irving Texas 75063" executed a Dealer Administration Agreement with Gerhard's (the "Agreement"), in which Gerhard's agreed to sell service contracts administered by New Leaf to its customers. *Id.* ¶ 12; *see generally* Agreement [26-1]. The Agreement had an initial term of five years and is set to automatically renew indefinitely for two-year terms,

MEMORANDUM OPINION AND ORDER – PAGE 1

provided neither party provides proper written notice of termination. Agreement 5. The current term extends through September 2025. Pl.'s Second Am. Compl. ¶ 16.

New Leaf Texas alleges that it is the New Leaf entity that signed the Agreement. *Id.* ¶¶ 10, 12. Moreover, it alleges that Gerhard's breached the Agreement by ceasing to sell the New Leaf contracts and instead offering similar contracts through another provider without New Leaf's authorization. *Id.* ¶¶ 18–20. New Leaf Texas brings breach of contract and promissory estoppel claims against Gerhard's. *See id.* ¶¶ 23–38.

In a previous case,[1] an entity named New Leaf Service Contracts, Inc. ("New Leaf Inc.") brought these same claims involving the same Agreement against Gerhard's. *Id.* ¶ 6. At the time, it believed that the entity that signed the Agreement was an entity incorporated in Delaware ("New Leaf Delaware") with the same name as New Leaf Texas — New Leaf Service Contracts, LLC. *Id.* ¶ 6. New Leaf Inc. asserted that it had privity of contract with New Leaf Delaware. Gerhard's challenged New Leaf Inc.'s standing and requested leave to conduct jurisdictional discovery, which the Court granted. Def.'s Mot. ¶ 13 [33]. Sean Hicks — a New Leaf employee who became president in early 2022 — stated in a deposition that New Leaf never used the New Leaf Texas entity for any purpose. *Id.* Ex. E, at 34:10–20. Moreover, in an affidavit, Hicks stated that New Leaf Delaware entered into the Agreement with Gerhard's. *Id.* Ex. D ¶¶ 6–7. This Court dismissed the previous case because New Leaf Inc. "failed to demonstrate by a preponderance of the evidence that it

---

[1] The related case is styled: *New Leaf Service Contracts, Inc. v. Gerhard's, Inc.*, in the United States District Court for the Northern District of Texas, Dallas Division, Civil Action No. 3:22-cv-01145-G.

MEMORANDUM OPINION AND ORDER – PAGE 2

has standing to bring this lawsuit" because it was unclear "whether it was New Leaf Delaware or New Leaf Texas that contracted with Gerhard's." *New Leaf Serv. Conts., Inc. v. Gerhard's Inc.*, 2023 WL 2938241, at *7 (N.D. Tex. 2023). New Leaf Inc. filed an appeal, but voluntarily dismissed the appeal upon learning new information regarding the New Leaf entities, leading it to determine that New Leaf Texas was the contracting party. Pl.'s Second Am. Compl. ¶¶ 6–10.

In the present case, Gerhard's moves to dismiss New Leaf Texas's claims, arguing that New Leaf Texas lacks standing to bring such claims. Def.'s Mot. Br. 12–13 [34]. It makes a factual attack on New Leaf's standing by submitting filings and orders from the previous case, New Leaf's entity formation documents, Hicks's 2022 affidavit, and Hicks's 2022 deposition as evidence that New Leaf Texas was not the contracting party. *Id.* Exs. A–O. In response, New Leaf Texas presents the following evidence to support its standing: (1) filings from the previous case; (2) the Agreement; (3) an affidavit of Hicks from 2024; (4) an administrative services agreement between New Leaf Texas and another consumer-products dealer; and (5) an affidavit of RD Patel — New Leaf Inc.'s chief financial officer. *See* Pl.'s Resp., Exs. A–D [35]; *see also* Pl.'s Second Am. Compl., Exs. A–C.

In the 2024 Hicks affidavit, Hicks states that in August 2023, while New Leaf was participating in an unrelated mediation, "a contract was found that was executed by Mr. Gavino [the previous president of New Leaf] in 2014, and in which New Leaf Service Contracts, LLC, was identified specifically as a Texas corporation." Pl.'s Resp., Ex. B ¶ 20. Hicks was not responsible for the New Leaf entities' legal matters or administration of service contracts until March 2022, when Gavino retired and Hicks became president,

MEMORANDUM OPINION AND ORDER – PAGE 3

so he was not previously aware of how New Leaf Texas was utilized. *Id.* Ex. B ¶¶ 10–11. Based on the newly discovered information, Hicks realized that he had been wrong in representing that New Leaf Texas was not used for business purposes, so New Leaf Inc. sought voluntary dismissal of its pending appeal in the previous case and filed this lawsuit as the proper entity. *Id.* Ex. B ¶ 22. Hicks bases his new belief that New Leaf Texas entered into the Agreement on "the date of the Agreement and the date of the other contract where New Leaf was specifically identified as the Texas LLC." *Id.* Ex. B ¶ 23.

## II. RULE 12(B)(1) STANDARD

Under the United States Constitution, a federal court may decide only actual "cases" or "controversies." U.S. CONST. art. III, § 2. A court properly dismisses a case where it lacks the constitutional power to decide it. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). "The justiciability doctrines of standing, mootness, political question, and ripeness all originate in Article III's 'case' or 'controversy' language." *Choice Inc. of Tex. v. Greenstein*, 691 F.3d 710, 715 (5th Cir. 2012) (quoting *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006)) (internal quotation marks omitted). "Standing and ripeness are required elements of subject matter jurisdiction and are therefore properly challenged on a Federal Rule of Civil Procedure 12(b)(1) motion to dismiss." *Roman Cath. Diocese v. Sebelius*, 927 F. Supp. 2d 406, 415–16 (N.D. Tex. 2013) (citing *Xerox Corp. v. Genmoora Corp.*, 888 F.2d 345, 350 (5th Cir. 1989) and *WesternGeco L.L.C. v. Ion Geophysical Corp.*, 776 F. Supp. 2d 342, 350 (S.D. Tex. 2011)).

The standing requirement has three elements: (1) injury in fact, (2) causation, and (3) redressability. *See Bennett v. Spear*, 520 U.S. 154, 167 (1997) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). The injury must be "concrete and particularized," and the threat "must be actual and imminent, not conjectural or hypothetical." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009) (citation omitted). Causation requires that the injury "be fairly traceable to the challenged action of the defendant." *Id.* And redressability requires that it is likely, "as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Lujan*, 504 U.S. at 561 (quoting *v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 43 (1976)).

The standard for reviewing a Rule 12(b)(1) motion depends on whether the defendant makes a facial or factual attack on the plaintiff's complaint. *See Paterson v. Weinberger*, 644 F.2d 521, 323 (5th Cir. 1981). "Unlike a Rule 12(b)(6) motion which is confined to evaluating the pleadings, a 12(b)(1) factual attack on the court's subject matter jurisdiction may be based on '(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" *Kling v. Herbert*, 60 F.4th 281, 284 (5th Cir. 2023) (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)). Moreover, when "a defendant makes a factual attack, the plaintiff 'has the burden of proving by a preponderance of the evidence that the trial court does have subject matter jurisdiction.'" *Id.* (quoting *Paterson*, 644 F.2d at 523).

### III. THE COURT DENIES THE MOTION TO DISMISS

To establish standing, New Leaf Texas must plead facts supporting (1) an injury in fact, (2) caused by the conduct of Gerhard's, and (3) that is redressable by a favorable court decision. *See Lujan*, 504 U.S. at 560–61. "If a defendant has caused physical or monetary injury to the plaintiff, the plaintiff has suffered a concrete injury in fact under Article III." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 425 (2021). Here, New Leaf Texas alleges that it has suffered monetary injury due to Gerhard's breach of the Agreement, or alternatively because of Gerhard's breach of its promises to New Leaf Texas. Pl.'s Second Am. Compl. ¶¶ 27–28, 37. Accordingly, New Leaf Texas has pled an injury in fact that was caused by Gerhard's. And this injury would be redressable via money damages. New Leaf Texas's pleadings thus support all three elements of standing. However, because Gerhard's has made a factual attack on New Leaf Texas's standing by submitting evidence, the Court's analysis does not end here.

Gerhard's states that New Leaf Texas "attached no document to its Second Amended Complaint which unequivocally establishes" standing. Def.'s Mot. Br. 8. It asserts that New Leaf Texas's evidence must "rule out the possibility that Gerhard's contracted with New Leaf Delaware and not New Leaf Texas." Def.'s Reply 4–5 [36]. However, this misstates New Leaf Texas's burden. Instead, New Leaf Texas has the burden of proving by a preponderance of the evidence that it has standing. *See Kling*, 60 F.4th at 161. The Court holds that New Leaf Texas has met this burden.

It is undisputed that either New Leaf Texas or New Leaf Delaware was the contracting entity. In the previous case, Gerhard's asserted that New Leaf Texas was the

MEMORANDUM OPINION AND ORDER – PAGE 6

contracting entity, while New Leaf Inc. argued that New Leaf Delaware was the contracting entity. *Gerhard's Inc.*, 2023 WL 2938241, at *1, *6 n.3; *see also* Pl.'s Second Am. Compl., Ex. C (Gerhard's represented that it entered into the Agreement "with a Texas entity known as New Leaf Service Contracts, LLC."). New Leaf Inc. based its assertion that New Leaf Delaware was the contracting entity on its then-belief that New Leaf Texas was created by mistake and did not conduct any business activities. Pl.'s Resp., Ex. B ¶ 18. However, when New Leaf discovered that New Leaf Texas had conducted business activities — specifically, had entered into service-contract programs like the Agreement at issue here — New Leaf Inc. voluntarily dismissed its appeal in the previous lawsuit so that it could refile the lawsuit using the proper entity. *Id.* Ex. B ¶¶ 20–22.

Now, the only evidence Gerhard's proffers to make its factual challenge as to whether New Leaf Texas has standing is Hicks's statements in the prior lawsuit. But Hicks has reasonably explained why he now believes New Leaf Texas was the contracting entity. And Gerhard's does not adequately address why it no longer believes that it entered into the Agreement with the Texas entity. New Leaf Texas was in existence at the time the Agreement was formed. *See* Def.'s Mot., Ex. M at 2 (identifying date of formation as March 19, 2012). And while the Agreement does not state the contracting entity's domicile, it does include that the contracting entity's address is the same as the address listed on New Leaf Texas's certificate of formation. *Compare* Agreement 1 *with* Def.'s Mot., Ex. M at 2. The Agreement also identifies Texas law as the choice of law and courts located in Tarrant County, Texas, as the proper venue for cases involving the Agreement. Agreement 7. Further, New Leaf Texas entered into a contract similar to the Agreement

MEMORANDUM OPINION AND ORDER – PAGE 7

at issue here and within a few years of the date that this Agreement was formed. *See* Pl.'s Resp., Ex. B at 11–13. Based on this evidentiary record, the Court determines that it is more likely than not that New Leaf Texas was the contracting entity. Accordingly, the Court holds that New Leaf Texas has shown by a preponderance of the evidence that it has standing to bring its claims.

## CONCLUSION

Because New Leaf Texas has demonstrated by a preponderance of the evidence that it has standing to bring this lawsuit, the Court denies the motion to dismiss.

Signed May 19, 2025.

                                              David C. Godbey
                                      Chief United States District Judge